IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| RUSSELL LEROY MCINTYRE, | : | |
| Plaintiff, | : : | |
| VS. | : : | |
| | : | 1 : 12-CV-38 (WLS) |
| CHRISTAL BROWN, | : : | |
| Defendant. | : | |

**RECOMMENDATION**

The Plaintiff filed this action in March 2012, raising allegations of deliberate indifference to serious medical needs. (Doc. 1). Following the issuance of an Order granting *in forma pauperis* status in July 2012 (Doc. 7) and, ultimately, a Recommendation that this matter proceed against Defendant Brown in August 2012 (Doc. 10), Defendant Brown filed a Motion to Dismiss for Lack of Prosecution on November 16, 2012 (Doc. 13). The Court issued an Order on November 19, 2012, notifying the Plaintiff of the pendency of this motion and directing him to respond thereto. (Doc. 15). Plaintiff's service copy of the Court's November 19, 2012 Order has not been returned to the Court as undeliverable.

The Defendant asserts that the Plaintiff has failed to diligently prosecute this action, inasmuch as he has failed to take any action on his Complaint since he filed it and has failed to keep the Court informed as to his current address. Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). Litigants proceeding *pro se* are not exempt from this requirement of diligent prosecution. *Moon v.*

*Newsome*, 863 F.2d 835 (11th Cir. 1989).  The Court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962).

A review of this entire action reveals a clear record of delay or willful contempt on the part of the Plaintiff.  Over six months have passed since the Plaintiff's last direct contact with the Court, when Plaintiff called the Clerk to provide a new address.  Additionally, Plaintiff has failed to respond to the Defendant's Motion to Dismiss (Doc. 13) as ordered, although the Certificates of Service attached to the Court's notification Order, and to Defendant's Motion to Dismiss indicate service on the Plaintiff at his last known address.  The Court finds that lesser sanctions will not suffice.  Inasmuch as the Plaintiff has failed to proceed in any substantive way with the litigation of this lawsuit in over six months, has failed to respond to the Defendant's Motion to Dismiss, and has failed to respond to the Court's notification Order, it is the recommendation of the undersigned that the Defendant's Motion to Dismiss (Doc. 13) be **GRANTED,** and that this action be **DISMISSED.**  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 17th day of May, 2013.

                                                s/ ***THOMAS Q. LANGSTAFF***
                                                UNITED STATES MAGISTRATE JUDGE